IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| JEAN MYRTIL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 22-cv-2595-MSN-tmp |
| | ) |
| SERRA CHEVROLET, | ) |
| | ) |
|     Defendant. | ) |

_____

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL**
_____

Before the court is defendant Serra Chevrolet's Motion to Compel Plaintiff's Responses to Discovery, filed on May 4, 2023.[1] (ECF No. 9.) For the reasons below, the motion is GRANTED in part and DENIED in part.

### I.   BACKGROUND

On October 27, 2021, Myrtil filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on his race and national origin, hostile work environment, and retaliation. (ECF No. 9-2 at PageID 32.) On June 15, 2022, the EEOC issued Myrtil a right to sue letter. (ECF No.

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

1-1.) Myrtil filed a *pro se* complaint on September 9, 2022. (ECF No. 1.) On October 4, 2022, Serra Chevrolet filed its answer to the complaint and a Motion to Dismiss in Part. (ECF Nos. 9, 10.) The undersigned entered a scheduling order on November 8, 2022, which imposed a discovery deadline of May 29, 2023. (ECF No. 16.)

On November 11, 2022, Serra Chevrolet served its initial disclosures. (ECF No. 23-1 at PageID 99.) Myrtil did the same on November 16, 2022. (Id. at PageID 99-100.) On February 16, 2023, Serra Chevrolet served its first set of written discovery on Myrtil, including Defendant's First Set of Interrogatories and Requests for Production ("RFPs"). (Id. at PageID 100.) On March 10, 2023, Serra Chevrolet agreed to allow Myrtil to file his responses by April 7, 2023. (ECF No. 23-5.) Myrtil filed incomplete responses to Serra Chevrolet's interrogatories on April 8, 2023. (ECF No. 23-1 at PageID 100.) He did not respond to Serra Chevrolet's RFPs. (Id.)

On April 17, 2023, counsel for Serra Chevrolet sent a letter to Myrtil detailing the deficiencies in his responses. (Id.) On April 26, 2023, Myrtil served a document with the below blanket objection to every discovery request:

> The plaintiff's general objection Instruction and Definitions are not based on attorney-client privilege. Plaintiff objections to each instruction, definition, document request, and interrogatory to the extent that it implies imposing any requirement or discovery obligation more outstanding than or different from those

> under the Federal Rule of Civil Procedure and the applicable Rules and Orders of the Court. . . . Plaintiff objects to each document request and interrogatory that is overly broad, unduly demanding, or not reasonably deliberate to lead to the discovery of admissible evidence in this case. Plaintiff will produce responsive documents only to the extent that such records are in Plaintiff's possession, custody, or control, as outlined in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or management does not include any constructive possession that may be; furthermore, defendant knows the Plaintiff's social security number and has access to the address or telephone numbers of those persons listed on Plaintiff's Rule 26(a)(1) Initial Disclosures and can seek information by addressing formal or informal discovery directly from those entities. Indeed, the Court has ordered the parties to disclose the likelihood that they will call those persons as witnesses.

(ECF No. 23-8.) On May 4, 2023, Serra Chevrolet filed the instant Motion to Compel. (ECF No. 23.) Myrtil filed a response on May 15, 2023. (ECF No. 25.)

## II.   ANALYSIS

### A.   Scope of Discovery

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obligated to demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the

- 3 -

party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio Jun. 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**B.   Interrogatories**

Federal Rule of Civil Procedure 33 governs interrogatories. In pertinent part, it states:

> (2) Time to Respond. The responding party must serve its answers and any objections within 30 days of being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
>
> . . . .
>
> (4) Objections. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Fed. R. Civ. P. 33(b)(2,4).

"As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." Greene v. Cracker Barrel Old Country Store, Inc., No. 09-2110-A/P, 2009 WL 1885641, at *1 (W.D. Tenn. July 1, 2009) (quoting Blackmond v. UT Medical Group, Inc., No. 02-2809 Ma/V, 2003 WL 22385678, at *1 (W.D. Tenn. Sept. 17, 2003)); see also Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). "[B]oilerplate objections are legally meaningless and amount to a waiver of an objection." Sobol v. Imprimis Pharms., No. 16-14339, 2017 WL 5035837, at *1 (E.D. Mich. Oct. 26, 2017) (citing Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc., No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court.")). This is the case with Myrtil's April 26 general objection. A party's waiver of objections to discovery requests may be excused by the court upon a showing of good cause. Fed. R. Civ. P. 33(b)(4).

Serra Chevrolet seek responses to Interrogatories No. 1, 3, 12, and 14. The undersigned finds these interrogatories to be relevant and proportional to the needs of the case. Fed. R. Civ.

P. 26(b)(1). Further, Myrtil has not timely objected to these interrogatories, nor has he shown good cause for that failure. As a result, Myrtil's objections have been waived. The motion as to the interrogatories is GRANTED. Myrtil is ordered to respond to these interrogatories completely within twenty days of this order.

**C.   RFPs**

Federal Rule of Civil Procedure 34 governs document production requests:

> (A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
>
> (B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.
>
> (C) Objections. An objection to a part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 34(b)(2)(A-C).

1. <u>RFP Nos. 1-3, 6-8, 10-16</u>

Serra Chevrolet seek responses to the above RPFs. The undersigned finds these requests to be relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Further, Myrtil has not timely objected to these requests, nor has he shown good cause for that failure. As a result, Myrtil's objections have been

- 6 -

waived. The motion as to the requests is GRANTED. Myrtil is ordered to respond to these RFPs completely within twenty days of this order.

2. RFP No. 4

RFP No. 4 states:

> Produce all documents relating to cellular telephone calls, emails, text messages and instant messages sent or received by you on any cellular telephone owned or used by you during your employment with the Defendant to the present that discuss or mention anything related to your employment with Defendant.

(ECF No. 23-4 at PageID 132.) Again, Myrtil has failed to object to this request, and his objection is therefore waived. Although relevant, the undersigned finds this request to be overbroad and not proportional to the needs of the case. Therefore, the undersigned grants the motion as to RFP No. 4 as modified:

> Produce all documents relating to cellular telephone calls, emails, text messages and instant messages sent or received by you on any cellular telephone owned or used by you during your employment with the Defendant to the present that discuss or mention anything related to *the claims made by the plaintiff against the defendant.*

(modification in italics). Myrtil is ordered to respond to the amended RFP completely within twenty days of this order.

3. RFP No. 5

RFP No. 5 states:

> Produce all medical or psychological records, reports, tests, statements, bills, and correspondence from physicians or health care providers, including mental health practitioners, or any other documents relating in

- 7 -

>    any way to any treatment or consultation for physical, mental, or emotional injuries, conditions or symptoms that you allege you sustained or experienced and that you alleged were caused by any action of Defendant or any management employee or agent of Defendant during or after your employment with Defendant.

(Id. at PageID 133.) Myrtil does not claim any physical injuries sustained as a result of the alleged discrimination. However, he does allude to emotional distress, which could implicate the psychotherapist-patient privilege.

The Supreme Court, while acknowledging "the primary assumption that there is a general duty to give what testimony one is capable of giving," has found that the "privilege protecting confidential communications between a psychotherapist and her patient 'promotes sufficiently important interests to outweigh the need for probative evidence. . . .'" Jaffee v. Redmond, 518 U.S. 1, 9-10 (1996) (quoting United States v. Bryan, 339 U.S. 323, 331 (1950); Trammel v. United States, 445 U.S. 40, 51 (1980)). The Supreme Court extended the privilege to include communications made to licensed psychiatrists, psychologists, and social workers. Id. at 15-16. It also observed that "like other testimonial privileges, the patient may of course waive the protection" by disclosing the communications. Id. at 15 n.14. It left to the lower courts the tasks of shaping the "full contours" and "defin[ing] the details" of the psychotherapist-patient privilege. Id. at 18.

In the Sixth Circuit, a party waives the psychotherapist-patient privilege by placing their mental health "at issue." Simon v. Cook, 261 F. App'x 873, 886 (6th Cir. 2008). Although courts vary on what constitutes placing one's mental health "at issue," the majority view is that if a party merely seeks damages for "garden variety" emotional distress, they do not waive the psychotherapist-patient privilege. Brahmamdan v. Trihealth, Inc., No. 1:19-cv-152, 2021 WL 4260418, at *2 (S.D. Ohio, Sept. 20, 2021); see Bose v. Rhodes College, No. 16-cv—02308-JTF-tmp, 2017 WL 4479258, at *6 (W.D. Tenn. Oct. 6, 2017); Santifer v. Inergy Auto. Sys., LLC, No. 5:15-CV-11486, 2016 WL 1305221, at *2–3 (E.D. Mich. Apr. 4, 2016). But cf. Gray v. Romero, No. 113CV01473DADGSAPC, 2016 WL 6821855, at *3–4 (E.D. Cal. Nov. 17, 2016); Griffin v. Sanders, 914 F. Supp. 2d 864, 867–69 (E.D. Mich. 2012). Under this approach, courts have identified five occasions when a party claiming the privilege has asserted more than "garden variety" emotional distress, thereby waiving the privilege:

> (1) a tort claim is asserted for intentional infliction or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff intends to offer expert testimony in support of a claim for emotional distress damages; and/or (5) plaintiff concedes that her mental health condition is in controversy within the meaning of Rule 35.

Santifer, 2016 WL 1305221, at *3 (quoting Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 554 (N.D. Ga. 2001)); Pliego v. Hayes, 86 F. Supp. 3d 678, 691 (W.D. Ky. 2015) (listing the first four occasions); Langenfeld v. Armstrong World Indus., Inc., 299 F.R.D. 547, 552 (S.D. Ohio 2014) (listing all five occasions); Johnson v. Peake, 273 F.R.D. 411, 412 (W.D. Tenn. 2009) (listing all five occasions).

Myrtil has not brought a claim for intentional inflection of emotional distress or negligent infliction of emotional distress. He has not alleged any specific mental or psychiatric injury, nor has he indicated that he will offer expert testimony in support of a claim for emotional distress damages. There is no indication in the complaint that Myrtil is claiming anything beyond "garden variety" emotional distress. In his complaint, Myrtil states that he was upset and humiliated by the conduct of his supervisor. These types of generalized allegations of emotional distress are insufficient to put a party's mental state at issue. See Ferrari v. Ford Motor Co., No. 13-CV-14857, 2014 WL 12550552, at *2 (E.D. Mich. Oct. 27, 2014) (finding that allegations of "emotional distress, outrage, and humiliation" were "garden-variety"); Johnson, 273 F.R.D. at 413 (finding that allegations of "deep pain, humiliation, anxiety, and emotional distress" were garden variety); cf. Langenfeld, 299 F.R.D. at 553

(finding emotional distress claims exceeded "garden variety" where "Plaintiff testified in her deposition that Defendant's conduct caused her to suffer stress and sleep deprivation that is still ongoing"). Serra Chevrolet has not provided any reason why this information is relevant or proportional to the needs of the case. Further, there is no reason to justify the waiver of the psychotherapist-patient privilege. Thus, the motion as to RFP No. 5 is DENIED, with the understanding that Myrtil does not intend to present any evidence of emotional distress beyond "garden variety" claims.

    4.   <u>RFP No. 9</u>

   RFP No. 9 states: "To the extent not already provided, produce all documents generated by you and given to any governmental agency or obtained by you from any governmental agency as a result of your employment with Defendant." (ECF No. 23-4 at PageID 133.) Again, Myrtil has not timely objected to the request, so his objection is waived. However, the undersigned does not see how this request is relevant to Myrtil's claims unless it is referring to the EEOC. Thus, the motion is GRANTED, but only as to materials provided and obtained by the EEOC. Myrtil is ordered to respond completely to the request within twenty days of the entry of this order.

    5.   <u>RFP No. 17</u>

RFP No. 17 states: "Produce a copy of any audio or visual recording of a current or former employee, manager, supervisor or official of Defendant, including any agents and attorneys in your possession or control or as identified in response to Interrogatory No. 15." (Id. at PageID 135.) The undersigned finds the request relevant and proportional to the needs of the case. However, to clarify the request, the undersigned modifies it as follows: "Produce a copy of any audio or visual recording of a current or former employee, manager, supervisor or official of Defendant, including any agents and attorneys *for the defendant* in your possession or control or as identified in response to Interrogatory No. 15." (modification in italics.) Myrtil is ordered to respond fully to the request within twenty days of this order.

### III. CONCLUSION

Based on the foregoing, the motion is GRANTED in part and DENIED in part. As to Serra Chevrolet's request for attorney's fees, based on the entire record, the undersigned finds that an award of attorney's fees and costs is not warranted at this time.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 12, 2023
Date