```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| JEAN MYRTIL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 22-cv-02595-MSN-tmp ) |
| SERRA CHEVROLET, | ) ) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINES IN THE SCHEDULING ORDER**

Before the court is the plaintiff's Motion to Extend the Discovery Deadlines in the Scheduling Order. (ECF No. 30.) For the reasons explained below, the court DENIES the plaintiff's motion.

## I.   BACKGROUND

On September 9, 2022, plaintiff Jean Myrtil filed his *pro se* complaint against defendant Serra Chevrolet ("Serra") for employment discrimination. (ECF No. 1.) The undersigned entered a scheduling order on November 8, 2022. (ECF No. 16.) The scheduling order set the deadline for completing all written discovery for May 29, 2023, while explaining to the parties that they must serve requests at least forty-five days before the deadline to allow sufficient time for responses by the deadline of May 29, 2023. (Id. at p. 2.) Under the scheduling order, therefore, the parties must have submitted their written discovery no later than April

14, 2023. However, on May 29, 2023, Myrtil served his first set of requests for production to Serra. (ECF No. 30 at PageID 383.) On June 28, 2023, Serra served objections to the discovery requests on the grounds of untimeliness. (ECF No. 32 at PageID 395.) Serra also filed a motion for summary judgment on the same day. (ECF No. 26.) Myrtil filed the present motion to extend the discovery deadlines on July 28, 2023. (ECF No. 30.) Serra filed its response on August 10, 2023. (ECF No. 32.)

## II.   ANALYSIS

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In order to demonstrate good cause, the plaintiff must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." Taylor v. Cardinal Health 414, LLC, No. 2:20-cv-02004-JPM-tmp, 2020 WL 12968838, at *2 (quoting Ross v. Am. Red Cross, 567 F. App'x 296, 306 (6th Cir. 2014)). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Union Univ. v. Evanston Ins. Co., No. 1:20-cv-01254-JDB-jay, 2021 WL 8444746, at *2 (W.D. Tenn. July 14, 2021) "If a motion is made after the relevant deadline, the movant must also show that it

'failed to act because of excusable neglect.'" Id. (quoting Fed. R. Civ. P. 6(b)(1)(B)).

Modification of a scheduling order is appropriate "only when a relevant deadline cannot reasonably be met despite the diligence of the party seeking the extension." Bryant v. GlaxoSmithKline, LLC, No. 19-02673-SHM-tmp, 2021 WL 4786205, at *2 (W.D. Tenn. Oct. 13, 2021) (internal citation omitted). "Prejudice to the non-moving party is [also] a relevant consideration, but the main focus should remain on the moving party's exercise of diligence." Id. (quoting EEOC v. U-Haul Intern., Inc., 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (internal quotation marks omitted)). Further, it unduly burdens a defendant to re-open discovery after a motion for summary judgment is filed and fully briefed. See Hood v. City of Memphis Public Work Div., No. 2:17-cv-2869-SHM-atc, 2021 WL 6751871, at *3 (W.D. Tenn. Mar. 1, 2021) (quashing an untimely subpoena and explaining that "[d]iscovery is now closed, and a motion for summary judgment is fully briefed and pending before the Court. Reopening discovery at this late stage would undly burden Defendant."). Pro se plaintiffs are generally not relieved from discovery obligations. Burley v. Sumner Cty. 18th Jud. Drug Task Force, No. 3:19-cv-0118, 2022 WL 164544, at *4 (M.D. Tenn. Jan. 18, 2022) (explaining that the pro se plaintiff was informed of his discovery obligations in the court's scheduling order and

was not relieved from his obligations to meet the discovery deadline).

Myrtil has failed to demonstrate why he was unable to serve his first set of requests for production before the expiration of the original deadline. Myrtil explains that, on March 10, 2023, he spoke with counsel for Serra and requested an extra sixty days to respond to Serra's First Set of Interrogatories and Requests for Production of Documents. (ECF No. 30 at PageID 383.) Serra sent an email extending the deadline for him to respond to April 7, 2023. Myrtil explains that he "was still under the impression that the 60 days that I propose for the extension is still under our agreement; therefore, [o]n May 29. 2023, I served you the first Set of Request for the Production of the Document." (Id.) However, the extension for Myrtil to respond to discovery did not provide a basis to extend the time for him to send out his own discovery requests.

Further, Myrtil argues that he has not received discovery from Serra or other third-party sources, including the EEOC. (Id. at PageID 384–85.) However, this argument does not explain or justify why he waited until after the deadline for serving written discovery to serve his first set of requests for production. Myrtil has not demonstrated that excusable neglect prevented him from timely serving discovery requests upon Serra. Rather, he has simply stated that he has actively engaged in responding to Serra's

discovery requests and that he was under the impression that he was given sixty days after April 7 to serve discovery upon Serra. Nothing in the record or in the briefing shows excusable neglect or good cause.

Finally, Myrtil argues that extending the deadlines will not extend the case. (Id. at PageID 385.) However, there is a pending motion for summary judgment for which both parties have submitted briefs. Allowing Myrtil to issue his first discovery requests to Serra at this stage of the case will necessarily extend the case by delaying the resolution of the motion for summary judgment. Further, the case would be delayed if the court has to resolve future disputes over Myrtil's discovery requests. Taken together, Serra would be unduly prejudiced by extending the discovery deadline. As explained above, extending the deadline when there is a pending and fully briefed motion for summary judgment is unduly prejudicial to Serra.

### III. CONCLUSION

Based on the above, the court DENIES Myrtil's motion to extend the deadlines.

IT IS SO ORDERED.

                                      s/ Tu M. Pham
                                      TU M. PHAM
                                      Chief United States Magistrate Judge

                                      September 28, 2023
                                      Date