IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JEAN MYRTIL,

    Plaintiff,

v.                                                                                  Case No. 2:22-cv-02595-MSN-tmp
                                                                                                                 JURY DEMAND

SERRA CHEVROLET,
LLC,

    Defendant.

---

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS IN PART AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS IN PART**

---

Before the Court is the Chief Magistrate Judge's Report and Recommendation ("Report," ECF No. 18) on Defendant Serra Chevrolet, LLC's ("Defendant") Motion to Dismiss in Part ("Motion," ECF No. 9). The Report recommends that the Motion be granted in part and denied in part. (*See* ECF No. 18 at PageID 57.) Defendant filed objections to the Report (ECF No. 19), to which Plaintiff timely responded (ECF No. 20). Plaintiff did not object to the Report. (*See* ECF No. 20 at PageID 92.) For the reasons set forth below, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

**FINDINGS OF FACT**

Neither party objected to the Report's proposed findings of fact (ECF No. 18 at PageID 57–60). The Court therefore **ADOPTS** and incorporates those proposed findings of fact.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-

14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Using this framework, the court determines whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint need not contain detailed factual allegations; however, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. *Iqbal*, 556 U.S. at 679. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 556.

## DISCUSSION

I.  **TITLE VII DISCRIMINATION CLAIMS**

  A.  **Race Discrimination**

Defendant moves to dismiss Plaintiff's claim of race discrimination on the grounds that he "failed to plausibly plead all of the essential elements of a *prima facie* case of race discrimination"—specifically, that he was qualified for his position or was replaced by or treated less favorably than a similarly situated individual outside his protected class. (ECF No. 9-1 at PageID 26.)  The Report recommends that this claim be dismissed because Plaintiff "has not alleged any facts indicating that unlawful race discrimination was the reason for his termination," and so has not met the pleading requirements of Fed. R. Civ. P. 8.  (ECF No. 18 at PageID 72–73.) Neither party objected to this proposed finding, so the Court reviews it for clear error.  Finding none, the Court **ADOPTS** the Report's recommendation that Defendant's Motion to Dismiss this claim be granted.

  B.  **National Origin Discrimination**

Defendant next moves to dismiss Plaintiff's national origin discrimination claim under Title VII for several reasons.  First, Defendant argues the Complaint "does not allege [Plaintiff] was qualified for his position or that he was replaced by someone outside of his protected class or treated less favorably than similarly situated employees outside of his protected class." (ECF No. 9-1 at PageID 26.)  Next, Defendant asserts that Plaintiff's Complaint merely sets forth "his conclusory allegation and subjective belief that his national origin was a motivating factor in his termination," which is not enough to establish a Title VII discrimination claim. (*Id.* at PageID 26–27.)  Finally, "and perhaps most critically," Defendant avers that Plaintiff alleges discrimination

based on his perceived national origin rather than his actual national origin, which Defendant says "is not a cognizable claim in the Sixth Circuit." (*Id.* at PageID 27.)

The Report recommends that Defendant's Motion be denied as to this claim because Title VII does permit discrimination claims based on perceived national origin, and because Plaintiff has alleged sufficient facts that, "if true, could constitute direct evidence of discrimination based on [Plaintiff's] perceived national origin." (*See* ECF No. 18 at Page ID 63–72.) Defendant objected to the Report on two grounds: (1) it erred in finding perceived national origin discrimination claims are cognizable under Title VII and (2) it erred in finding direct evidence of discrimination. (ECF No. 19 at PageID 80–85.)

### 1. Perceived National Origin

To recap, Plaintiff generally alleges that he was subject to national origin discrimination because his manager ("Mr. Pittman") referred to him as being from Jamaica and Yugoslavia and gave him a "Jamaican shirt" around Christmas time. (*See generally* ECF No. 1 at PageID 4–6.) Plaintiff also alleges that he asked Mr. Pittman to stop because, among other reasons, he is not of Jamaican descent. (*Id.* at PageID 5.) In its Motion, Defendant contends that one reason Plaintiff's national origin discrimination claim must fail is because it alleges discrimination on the basis of perceived national origin, which is not a cognizable claim in this Circuit. (ECF No. 9 at PageID 19.) The Report disagrees.

The Court does not deem it necessary to determine whether Title VII permits claims of discrimination based on perceived national origin because it does not read the Complaint to set forth such a claim. To be sure, Plaintiff wrote in his Complaint that he was "discriminated against by [Defendant] for [his] perceived National Orgin [sic]." (*Id.* at PageID 6.) But that is the only time "perceived" national origin is mentioned. Plaintiff wrote elsewhere that he is complaining of

5

"Discrimination of National Origin." (*Id.* at PageID 3). He checked the "National Origin" box in the form without adding anything in the space provided. (*Id.* at PageID 4). At the end of his Complaint, Plaintiff wrote that "[his] race and National Orgin [sic] were a motivating factor in [his] termination." (*Id.* at PageID 6.) Plaintiff's Response to Defendant's Motion to Dismiss, while not particularly responsive, did not reference perceived national origin at all, but reiterated that Plaintiff "alleged discrimination in [sic] the basis of race and national origin . . . ." (ECF No. 15 at PageID 42.) Together, these facts do not indicate an attempt to plead discrimination based on perceived national origin.

Furthermore, Plaintiff's allegations are consistent with a discrimination claim based on his actual national origin. Plaintiff begins his narrative by stating that he is from Haiti and that he has an accent. (ECF No. 1 at PageID 4.) Plaintiff then describes the comments Mr. Pittman made "on a daily basis," all of which allegedly referenced national origin. (*Id.* at PageID 4–5.) While those comments did not accurately reflect Plaintiff's country of origin, it appears they were nonetheless particular to Plaintiff because their inaccuracies were part of Mr. Pittman's "shtick." Indeed, "Yugoslavia" no longer exists. And Plaintiff states that Mr. Pittman continued to refer to him as Jamaican even after Plaintiff informed him he was not actually from Jamaica. (*Id.* at PageID 5.)

When viewed in its entirety, therefore, the Court disagrees with Defendant's characterization that Plaintiff seeks to state a claim of perceived national origin discrimination. In addition, the Court is cognizant of the fact that, as Defendant and the Report make apparent, "perceived national origin" is a legally loaded term in the Title VII context and Plaintiff drafted his Complaint *pro se*. Accordingly, the Court construes Plaintiff's Complaint to allege national

6

origin discrimination and will turn to Defendant's objection to the Report's conclusion that Plaintiff's allegations may constitute direct evidence of this claim.[1]

### 2. Plausible Claim of National Origin Discrimination

After finding that Title VII does not bar perceived national origin discrimination claims, the Report recommended denying Defendant's Motion to Dismiss that claim because Plaintiff alleged a plausible claim of national origin discrimination and alleged facts that could constitute direct evidence of discrimination. (ECF No. 18 at PageID 71–72.) Defendant objected to this recommendation, arguing that the allegations referenced in the Report do not constitute direct evidence. (ECF No. 19 at PageID 82–85.)

The Court finds that the Complaint sets forth a plausible claim of national origin discrimination. The *prima facie* elements of a discrimination claim under Title VII are: "'(1) [plaintiff] is a member of a protected group; (2) [plaintiff] was subjected to an adverse employment decision; (3) [plaintiff] was qualified for the position; and (4) [plaintiff] was replaced by a person outside the protected class, or a similarly situated non-protected employee was treated more favorably.'" *Evans v. Walgreen Co.*, 813 F. Supp. 2d 897, 921 (W.D. Tenn. 2011) (quoting *Corell v. CSX Transp., Inc.*, 378 F. App'x 496, 501 (6th Cir. 2010)). As the Report explained, a Title VII plaintiff is not required to establish a *prima facie* case of discrimination at the motion to dismiss stage because he may uncover direct evidence of discrimination that obviates the need to make a *prima facie* showing. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Rather, a plaintiff need only "allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that an employer engaged in unlawful

---

[1] As the Court does not read the Complaint to allege a discrimination claim based on "perceived national origin," it expresses no opinion on the substance of the Report's proposed finding that Title VII permits claims of discrimination on this basis.

discrimination under Title VII. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Nonetheless, the elements are useful in determining whether a plaintiff has a cognizable claim.

Here, Plaintiff alleges that he is Haitian and speaks with an accent. (ECF No. 1 at PageID 4.) He says Mr. Pittman called him "Jamaica or a Ugoslav" daily and, when asked to stop, responded by saying "la la la go back to Jamaica." (*Id.* at PageID 4–5.) He claims that Mr. Pittman once told him to "get the 'F' out [of] here and go back to wherever you came from" and gave him a "Jamaican shirt," which Plaintiff says upset and humiliated him. (*Id.* at PageID 5.) Plaintiff also describes an ultimatum he gave to Mr. Pittman whereby he conveyed to Mr. Pittman that he "had finally had enough and told [Mr.] Pittman that if he did not stop calling [him] Jamaica and making other discriminatory comments [he] was going to report him to [Human Resources]." (*Id.*) He alleges that he gave this ultimatum on October 8, 2021 (a Friday), and was sent home from work the following Monday and terminated that Tuesday. (*Id.* at PageID 5–6.) The Court agrees that these facts are sufficient to allow the reasonable inference that Plaintiff was discriminated against because of his national origin. The Court therefore **ADOPTS** the Report's recommendation that Defendant's Motion to Dismiss this claim be denied.[2]

---

[2] As Defendant notes in its objection, the Report concluded that "Plaintiff's allegations, if true, could constitute direct evidence of discrimination based on [Plaintiff's] perceived national origin." (ECF No. 18 at PageID 72.) The Court does not read this sentence as a "finding of direct evidence of discrimination." (ECF No. 19 at PageID 82.) But in any case, it is not necessary to determine whether Plaintiff's facts might constitute direct evidence of discrimination because all that is required at this stage is a claim and facts that plausibly show Plaintiff is entitled to relief. *Mills v. Barnard*, 869 F.3d 473, 584 (6th Cir. 2017). The relative evidentiary burdens apply at the summary judgment stage.

## II. TITLE VII HOSTILE WORK ENVIRONMENT CLAIM

Defendant also moved to dismiss Plaintiff's hostile work environment claim, arguing that "Plaintiff fails to plead any facts to show the alleged harassment was sufficiently severe or pervasive to affect any term, condition, or privilege of employment and create an abusive working environment" and that Plaintiff impermissibly based his harassment claims on his perceived national origin. (ECF No. 9-1 at PageID 28–30.) The Report recommends that Defendant's Motion also be denied as to this claim because, as previously discussed, Title VII does not bar claims based on perceived national origin, and Plaintiff otherwise plausibly pled a hostile work environment claim. (ECF No. 18 at PageID 75–76.) Defendant objected to this finding based on its reasoning concerning perceived national origin claims and its proposed finding that Plaintiff sufficiently pled severe or pervasive conduct. (ECF No. 19 at PageID 80–82, 85–86.)

### 1. Perceived National Origin

Consistent with its previous review of Plaintiff's discrimination claim, the Court also finds the Complaint to set forth a hostile work environment claim based on Plaintiff's national origin rather than his perceived national origin. Indeed, there is even less support for Defendant's contention that the Complaint sets forth a claim of harassment based on perceived national origin than there is for its assertion that Plaintiff alleges discrimination on the basis of his perceived national origin. The word "perceived" appears in the Complaint only once, and seemingly within the context of Plaintiff's discrimination claim. (ECF No. 1 at PageID 6.) In discussing his harassment claim, Plaintiff alleges that Mr. Pittman subjected him "to national origin harassment and hostile work environment based on [his] national origin." (*Id.* at PageID 5.) He again alleges "national origin harassment" elsewhere in his Complaint. (*Id.* at PageID 6.) And as with his

9

discrimination claim, the facts Plaintiff includes in his Complaint are consistent with a hostile work environment claim based on his actual national origin.[3]

### 2.      **Plausible Hostile Work Environment Claim**

The question for the Court is thus whether Plaintiff has pled a plausible hostile work environment claim based on his national origin. To succeed on a hostile work environment claim, a plaintiff must show "that '(1) [he] belonged to a protected group, (2) [he] was subject to unwelcome harassment, (3) the harassment was based on [his protected status], (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment, and (5) the defendant knew or should have known about the harassment and failed to act.'" *Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019) (quoting *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 813 (6th Cir. 2013)). At this motion to dismiss stage, Plaintiff needs to allege "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz*, 534 U.S. at 508 (quoting Fed. R. Civ. P. 8(a)(2)). He is not required to establish a *prima facie* claim to survive a motion to dismiss. *Id.* at 512. He is required, however, to plead sufficiently severe or pervasive conduct that a reasonable person would consider hostile or abusive. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

The Court agrees with the Report that it is "a close question" whether this claim should survive a motion to dismiss, but that the Complaint alleges sufficient factual content to support a reasonable inference that Plaintiff was subject to a hostile work environment based on his national origin. Whether conduct was sufficiently severe and pervasive is based on the totality of the circumstances. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 733 (6th Cir. 2006) (citing *Black v. Zaring Homes, Inc.*, 104 F.3d 822, 826 (6th Cir. 1997)). Some factors courts consider in

---

[3] *See supra* section I.B.1 pp. 5–6.

determining whether a hostile work environment exists include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23. "[M]erely offensive" conduct is not sufficient to support a hostile work environment claim. *Id.* at 21. "Simple teasing, [] offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998) (citing *Harris*, 510 U.S. at 23). This analysis should "include[] all incidents of alleged harassment . . . ." *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 563 (6th Cir. 1999).

Taking Plaintiff's facts as true, the allegations describe an environment in which Plaintiff was subjected to daily comments about his national origin throughout his two-year period of employment by Defendant. (ECF No. 1 at PageID 4.) While such remarks could comfortably fall within the category of "offensive utterances" when considered separately, their alleged frequency weighs against categorizing them as "simple teasing, [] offhand comments, and isolated incidents." *Faragher*, 524 U.S. at 787. These comments went beyond what one might describe as light teasing, anyway: Mr. Pittman allegedly told Plaintiff on one occasion to "get the 'F' out [of] here and go back to wherever you came from." (ECF No. 1 at PageID 5.) Plaintiff also alleges that he was humiliated by the "Jamaican shirt" Mr. Pittman gave him, which Mr. Pittman continued to reference afterwards. (*Id.* at PageID 5.) Accordingly, the Court **ADOPTS** the Report's recommendation that Defendant's Motion to Dismiss this claim be denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss in Part is **GRANTED IN PART** and **DENIED IN PART**. The Motion to Dismiss Plaintiff's claim of race discrimination

is **GRANTED**. The Motion to Dismiss Plaintiff's national origin discrimination and hostile work environment claims is **DENIED**.

  **IT IS SO ORDERED**, this 29th day of September, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE
