IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JEAN MYRTIL,

    Plaintiff,

v.                                                          Case No. 2:22-cv-02595-MSN-tmp
                                                               JURY DEMAND

SERRA CHEVROLET

    Defendant.

---

**ORDER OVERRULING IN PART AND SUSTAINING IN PART DEFENDANT'S OBJECTIONS, ADOPTING IN PART REPORT AND RECOMMENDATION, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Before the Court is the Chief Magistrate Judge's Report and Recommendation ("Report," ECF No. 39), Defendant's Objections to Magistrate Judge's Report and Recommendation (ECF No. 42), and Plaintiff's Response to Defendant's Objection to Magistrate Judge's Report and Recommendation (ECF No. 44). The Chief Magistrate Judge's Report recommends granting summary judgment on Plaintiff's hostile work environment claim and denying summary judgment on Plaintiff's national origin discrimination and retaliation claims.[1] (ECF 39.)

For the reasons set forth below, the Court **OVERRULES IN PART** and **SUSTAINS IN PART** Defendant's objections, **ADOPTS IN PART** the Chief Magistrate Judge's Report and Recommendation, and **GRANTS** Defendant's Motion for Summary Judgment.

---

[1] Plaintiff did not object to the Chief Magistrate Judge's recommendation that summary judgment in favor of Defendant as to his hostile work environment claim. Accordingly, the Court **GRANTS** summary judgment in favor of Defendant on the hostile work environment claim.

**BACKGROUND**

Plaintiff initiated this action *pro se* on September 9, 2022, alleging discrimination based on race, national origin, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Defendant filed a Motion to Dismiss on October 4, 2022. (ECF No. 9.) On September 29, 2023, this Court granted in part and denied in part Defendant's Motion to Dismiss, thereby dismissing Plaintiff's race discrimination claim but allowing his other claims to proceed. (ECF No. 34.)

On June 28, 2023, Defendant filed the present Motion for Summary Judgment. (ECF No. 26.) Plaintiff filed a response in opposition on July 30, 2023. (ECF No. 29.) The Chief Magistrate Judge issued a Report and Recommendation on February 8, 2024, recommending that the Motion be granted in part and denied in part. (ECF No. 39.) Defendant filed timely objection to the Report on February 22, 2024. (ECF No. 42.) Plaintiff filed a response to Defendant's objections on March 5, 2024. (ECF No. 44.)

**STANDARD OF REVIEW**

**A.  Report and Recommendation Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de*

2

*novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

**B.     Summary Judgment Standard**

Federal Rule of Civil Procedure 56 permits a party to move for summary judgment — and the Court to grant summary judgment — "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the presence or absence of genuine issues of material facts must support its position either by "citing to particular parts of materials in the record," including depositions,

documents, affidavits or declarations, stipulations, or other materials, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or simply "by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Where the movant has satisfied this burden, the nonmoving party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Matsushita*, 475 U.S. at 586; Fed. R. Civ. P. 56). The nonmoving party must present sufficient probative evidence supporting its claim that disputes over material facts remain and must be resolved by a judge or jury at trial. *Anderson*, 477 U.S. at 248–49 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *see also White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475–76 (6th Cir. 2010). A mere scintilla of evidence is not enough; there must be evidence from which a jury could reasonably find in favor of the nonmoving party. *Anderson*, 477 U.S. at 252; *Moldowan*, 578 F.3d at 374.

The Court's role is limited to determining whether there is a genuine dispute about a material fact; that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Such a determination requires that the Court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case. *Id.* at 254. Thus, if the plaintiff must ultimately prove its case at trial by a preponderance of the evidence, on a motion for summary judgment, the Court must determine whether a jury could reasonably find that the plaintiff's factual contentions are true by a preponderance of the evidence. *See id.* at 252–53.

Finally, if the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 323. The Court must construe Rule 56 with due regard not only for the rights of those "asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury," but also for the rights of those "opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Id.* at 327.

A *pro se* party's opposition to a motion for summary judgment cannot rely on "mere allegations and unsworn filings" but instead "set out specific facts showing a genuine issue for trial through affidavits or otherwise," just like any other summary judgment response. *Viergutz v. Lucent Techs.*, 375 F. App'x 482, 485 (6th Cir. 2010).

## **DISCUSSION**

Before the Court are Defendant's objections to the Chief Magistrate Judge's Report and Recommendation. Defendant contends that the Report contains three errors:

1. The Chief Magistrate Judge erred by failing to deem admitted the facts set forth in the Defendant's Concise Statement of Material Facts because Plaintiff failed to comply with Local Rule 56.1. (ECF No. 42 at PageID 469–70.)

2. The Chief Magistrate Judge erred by denying Defendant's Motion for Summary Judgment on Plaintiff's national origin discrimination claim. (*Id*. at Page ID 470–73.)

    a. The Chief Magistrate Judge erred by finding that direct evidence of discrimination existed and improperly shifted the burden of proof to Defendant. (*Id*. at PageID 470–72.)

    b. The Chief Magistrate Judge erred by failing to apply the same-actor inference. (*Id*. at PageID 472–74.)

3. The Chief Magistrate Judge erred by denying Defendant's Motion for Summary Judgment on Plaintiff's retaliation claim. (*Id*. at PageID 474–77.)

    a. The Chief Magistrate Judge erred by finding that direct evidence of retaliation existed and improperly shifted the burden of proof to Defendant. (*Id*.)

The Court will address each objection in turn.

**A.     Objection 1:  Failure to Deem Defendant's Facts Admitted**

Defendant's first objection centers on the Chief Magistrate's treatment of Local Rule 56.1(b). Specifically, Defendant argues that the Chief Magistrate Judge should have deemed admitted all facts in Defendant's Concise Statement of Material Facts due to Plaintiff's failure to properly dispute them with citations to the record.

6

Local Rule 56.1(b) requires a non-movant to respond to each fact set forth by the movant, agreeing or disagreeing, and if disputing, providing a specific citation to the record. *Pro se* litigants are required to adhere to basic procedural requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Courts in this district have held that a party's failure to properly respond to a moving party's statement of material facts results in those facts being deemed admitted for the purpose of summary judgment. *See, e.g.,* A*kines v. Shelby Cnty. Gov't,* 512 F. Supp. 2d 1138, 1147–48 (W.D. Tenn. 2007) (deeming defendant's statement of undisputed material facts admitted where plaintiff failed to respond as provided by the local rules); *Panzica v. Corr. Corp. of Am.*, No. 12-1026, 2013 WL 3354517, at *2 (W.D. Tenn. July 3, 2013) (same); *Owens v. Amedisys Holding, LLC.*, No. 2:15-cv-02603-STA-egb, 2016 WL 3381237, at *1 (W.D. Tenn. June 14, 2016) (same).

In this case, the Court acknowledges that Plaintiff, as a *pro se* litigant, may not have fully understood the requirements of the Local Rule. However, the Court is not required to search the record on behalf of the non-moving party. *See Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) ("Nothing in either the Rules or case law support an argument that the court must conduct its own probing investigation of the record."

Upon review, the Court finds that the Chief Magistrate Jude erred by failing to deem Defendant's facts admitted due to Plaintiff's failure to comply with Local Rule 56.1(b), except for Fact No. 10, where Plaintiff provided a specific citation to the record.

In Plaintiff's response to Defendant's Concise Statement of Material Facts, Plaintiff disputed many of Defendant's factual assertions but failed to provide specific citations to the record as required by the Local Rule. For example, in responses to Facts Nos. 11-48, Plaintiff

7

merely states "Disputed" without referencing any evidence in the record to support his position. However, in response to Fact No. 10, Plaintiff states "Disputed; I reported to Daryl Smith, (see Daryl Smith Declaration." (ECF No. 29 at PageID 359.) Here, Plaintiff refers specifically to the Declaration of Daryl Smith which is part of the record. (ECF No. 26-9 at PageID 315.)

Therefore, the Court will consider Fact No. 10 as properly disputed but will deem the remaining facts in Defendant's Concise Statement of Material Facts as admitted pursuant to Local Rule 56.1(d)

Accordingly, the Court **SUSTAINS** Defendant's objection to the extent that the Magistrate Judge erred by not deeming Defendant's facts admitted due to Plaintiffs' failure to comply with Local Rule 56.1(b), except for Fact No. 10.

**B.      Objection 2:  Denial of Summary Judgment on National Origin Discrimination Claim**

**1.      Application of Admitted Facts and Burden Shifting**

Defendant argues, with the facts deemed admitted, there is no genuine dispute of material fact, and summary judgment should be granted on Plaintiff's national origin discrimination claim.

To establish a prima facie case under the *McDonnell Douglas* burden-shifting framework, Plaintiff must demonstrate:  (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by someone outside the protected class or treated differently than similarly situated. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006).

The admitted facts fatally undermine Plaintiff's ability to establish the fourth element of his prima facie case. The admitted facts establish that Plaintiff was terminated due to documented conflicts with coworkers, unprofessional behavior, and negative customer interactions. Absent is

8

any evidence that similarly situated employees outside the protected class receive more favorable treatment.

Specifically, Plaintiff had conflicts with his coworkers centered around his efforts to take customers away from them. (ECF No. 26-1 at PageID 165.) Plaintiff would claim customers were his, leading to disputes that required managerial intervention. (*Id.* at PageID 166.) Multiple salespeople complained about Plaintiff's behavior and suggested that he should be terminated. (*Id.* at PageID 167.) Additionally, Plaintiff's actions resulted in negative customer comments about the dealership. (*Id.* at PageID 168.)

On October 9, 2021, Plaintiff was involved in an incident with coworker Rodolfe Guzman, where he allegedly interfered with Guzman's customer—a practice Plaintiff has been counseled to stop. (*Id.* at PageID 168.) The incident prompted management to decide to terminate Plaintiff's employment. (*Id.* at PageID 168.)

Also absent is any evidence that similarly situated employees outside the protected class received more favorable treatment. Plaintiff has not identified any non-protected employees who engaged in similar conduct but were not terminated.

Even if Plaintiff could establish a prima facie case, he has not presented evidence suggesting Defendant's legitimate, nondiscriminatory reasons for termination were pretextual. The admitted facts support Defendant's position that Plaintiff's termination stemmed from documented performance issues unrelated to his national origin. (*Id.* at PageID 165–168.)

In similar circumstances, courts have granted summary judgment when the non-moving party failed to properly dispute the moving party's statement of material facts, resulting in those facts being deemed admitted. *Panzica v. Corr. Corp. of Am.*, No 12-1026, 2013 WL 224517, at *2 (W.D. Tenn. July 3, 2023) (granting summary judgment where plaintiff failed to respond to

9

defendant's statement of facts in accordance with local rule); Scates v. Obion Cty., No. 1:11-CV-1247, 2013 U.S. Dist. LEXIS 94440, at *6 (W.D. Tenn. July 8, 2013) (same).

Therefore, the Court finds that summary judgment in favor of Defendant on Plaintiff's national origin discrimination claim is appropriate.

### 2. Same-Actor Inference

While Defendant advances an argument based on the same-actor inference, the Court need not reach this issue. Since the Court has found that Plaintiff cannot establish a prima facie case of discrimination based on the admitted facts, it is unnecessary to address the same-actor inference.

Accordingly, the Court **SUSTAINS** Defendant's second objection and **GRANTS** summary judgment in Defendant's favor on the national origin discrimination.

## C. Objection 3: Denial of Summary Judgment on Retaliation Claim

### 1. Application of Admitted Facts and Burden Shifting

Defendant contends that, with the facts deemed admitted, Plaintiff cannot establish a prima facie case of retaliation. To establish a prima facie case of retaliation, Plaintiff must show that: (1) he engaged in protected activity; (2) Defendant knew of the protected activity; (3) Defendant took adverse employment action against him; and (4) there was a causal connection between the protected activity and the adverse employment action. *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000).

The only fact properly disputed by Plaintiff is Fact No. 10, where Plaintiff asserts that he reported Pittman's conduct to Daryl Smith. The Declaration of Daryl Smith indicated that Plaintiff complained to him about Pittman calling him "Jamaica." (ECF No. 26-9 at PageID 315.)

Assuming that Plaintiff engaged in protected activity and that Defendant was aware of it, the admitted facts show that Plaintiff was terminated for legitimate, non-retaliatory reasons, including conflicts with coworkers and unprofessional conduct. (ECF No. 26-1. at PageID 165–168.) Specifically, the incident on October 9, 2021, involving coworker Guzman, led to management's decision to terminate Plaintiff. (*Id.* at PageID 168.)

Plaintiff has not provided evidence to show a causal connection between his protected activity and his termination. There is no indication that his complaint about Pittman's use of the nickname "Jamaica" played any role in the decision to terminate Plaintiff's employment. Moreover, Plaintiff has not shown that Defendant's reasons for termination were a pretext for retaliation.

Accordingly, Defendant's third objection is **SUSTAINED**, and summary judgment is **GRANTED** in favor of Defendant on Plaintiff's retaliation claim.

## CONCLUSION

For the foregoing reasons, Defendant's objections are **SUSTAINED IN PART**, and the Chief Magistrate Judge's Report and Recommendation is **ADOPTED IN PART**. Defendant's Motion for Summary Judgment is **GRANTED** in favor of Defendant on all of Plaintiff's claims, including the hostile work environment, national origin discrimination, and retaliation claims. All claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 20th day of February, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE